# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# Eastern Division

| | |
|---|---|
| QURIO HOLDINGS, INC., | Civil Action No. |
| Plaintiff, | |
| v. | |
| COMCAST CORPORATION and COMCAST CABLE COMMUNICATIONS, LLC, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Qurio Holdings, Inc. ("Qurio"), alleges the following for its complaint of patent infringement against Comcast Corporation and Comcast Cable Communications, LLC (collectively the "Defendants").

## NATURE OF THE ACTION

This is an action for patent infringement of (1) United States Patent No. 8,102,863 entitled "Highspeed WAN To Wireless LAN Gateway" ("the 863 Patent"), and (2) United States Patent No. 7,996,482 entitled "RDMA Based Real-Time Video Client Playback Architecture" ("the 482 Patent"), and (3) United States Patent No. 7,787,904 entitled "Personal Area Network Having Media Player And Mobile Device Controlling The Same" ("the 904 Patent"), each owned by Plaintiff Qurio, under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and seeking damages and injunctive and other relief under 35 U.S.C. § 281, *et seq.*

## THE PARTIES

1. Plaintiff Qurio is a Delaware corporation with a principal place of business at 20 Depot Street, Suite 2A, Peterborough, New Hampshire 03458-1453. Qurio is a technology company that develops technological solutions for network communications, telephony, and media delivery and distribution, including images, video and music.

2. On information and belief, Defendant Comcast Corporation ("Comcast") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103.

3. On information and belief, Defendant Comcast Cable Communications, LLC ("Comcast Cable") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at One Comcast Center, 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19103. Comcast Cable is a wholly-owned subsidiary of Comcast (collectively herein, "Defendants").

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because the action concerns the infringement of United States patents.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendants have transacted business in the State of Illinois and Defendants have committed and continue to commit acts of patent infringement in Illinois, and Defendants have regular and established places of business in this Judicial District.

7. Upon information and belief, this Court has personal jurisdiction over each Defendant at least because each transacts substantial business in the State of Illinois, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein, and (ii) regularly doing or soliciting business in Illinois, engaging in other persistent courses of conduct, maintaining continuous and systematic contacts in Illinois, purposefully availing itself of the privileges of doing business in Illinois, and/or deriving substantial revenue from goods and services provided to individuals in Illinois.

## THE PATENTS-IN-SUIT

8. Qurio is and has been at all relevant times the owner by assignment of the 863 Patent, entitled "High-Speed WAN To Wireless WLAN Gateway," which the United States Patent and Trademark Office duly issued on January 24, 2012. A true and correct copy of the 863 Patent is attached hereto as Exhibit A.

9. The inventions of the 863 Patent are applicable to, among other things, providing communication between a high-speed wide-area network ("WAN") network and a lower speed Wireless Local Area Network ("WLAN").

10. Qurio is and has been at all relevant times the owner by assignment of the 482 Patent, entitled "RDMA Based Real-Time Video Client Playback Architecture," which the United States Patent and Trademark Office duly issued on August 9, 2011. A true and correct copy of the 482 Patent is attached hereto as Exhibit B.

11. The inventions of the 482 Patent are applicable to, among other things, RDMA-based data transfers for video playback, and media content distribution systems.

12. Qurio is and has been at all relevant times the owner by assignment of the 904 Patent, entitled "Personal Area Network Having Media Player And Mobile Device Controlling

3

The Same," which the United States Patent and Trademark Office duly issued on August 31, 2010. A true and correct copy of the 904 Patent is attached hereto as Exhibit C.

13. The inventions of the 904 Patent are applicable to, among other things, utilization of mobile devices to control content played by a plurality of media devices.

## DEFENDANTS' INFRINGING ACTIVITIES

14. Defendants distribute media content and provide video-on-demand and related services to their customers across the United States, by, among other things, transmitting content to their customers' televisions, digital video recorders ("DVRs"), set-top boxes ("STBs"), and wireless and other devices. Defendants purport to be the largest provider of cable television, high-speed Internet, and related services to residential customers in the United States. *See* Exhibit D (select portion of Comcast Corporation 2013 Form 10-K (Annual Report), at p. 1. Defendants purport to have over 21 million subscribers for their video services in the United States. *See* Exhibit D (select portion of Comcast Corporation 2013 Form 10-K (Annual Report), at p. 3.

15. In filings with the United States Securities and Exchange Commission, Defendants describe their business activities as follows:

> We are a global media and technology company with two primary businesses, Comcast Cable and NBCUniversal. Comcast was incorporated under the laws of Pennsylvania in 2001, and through its predecessors, has developed, managed and operated cable systems since 1963. . . . We present our operations for Comcast Cable in one reportable business segment, referred to as Cable Communications, and our operations for NBCUniversal in four reportable business segments.
>
> • **Cable Communications:** Consists of the operations of Comcast Cable, which is the nation's largest provider of video, high-speed Internet and voice services ("cable services") to residential customers under the XFINITY brand, and we also provide similar services to businesses and sell advertising.

<div style="text-align:center">* * *</div>

> Our HD video service provides customers that have an HD set-top box with high-resolution picture quality, improved audio quality and a wide-screen format. Our HD service includes a broad selection of HD programming choices, including major broadcast networks, leading national cable networks, premium networks and regional sports networks. We also offer select programming in 3-D format, on both linear channels and through On Demand, to our HD customers who have 3-D capable TV sets. Our DVR service allows digital video customers to select, record and store programs on their set-top box and play them at whatever time is convenient. Our DVR service also provides the ability to pause and rewind "live" television.
>
> We have invested in our IP and cloud-enabled video platform, referred to as our X1 platform, which is now available in all of the markets in which we operate. The X1 platform provides integrated search functionality, personalized recommendations and apps accessible through televisions. Our video customers also have the ability to view certain live programming and our On Demand content, browse program listings, schedule and manage DVR recordings, and view additional movies and other content online.
>
> Video customers may also subscribe to our Streampix service, which, depending on the customer's level of service, may include a monthly fee. Streampix provides customers with access to certain programming via On Demand, online and through our mobile apps for smartphones and tablets.

*See* Exhibit D (select portion of Comcast Corporation 2013 Form 10-K (Annual Report)), at pp. 1, 5.

16. Upon information and belief, Defendants make, use, sell, lease, import and offer for sale products and services that allow users to transfer and display video and other content from Defendants' wide area network, including but not limited to Defendants' Xfinity services, AnyPlay service, X1 Platform, XG1 device, XG5 device, Streampix, On Demand, and similar and related products and services. For example, Defendants offer a variety of products and services under their trade name Xfinity, including their X1 Platform suite of services, and advertise, for example, the following features of their Xfinity media content distribution services:

5

**XFINITY On Demand™**



XFINITY On Demand™ — more ways to get more entertainment. Enjoy the best selection of current TV shows and hit movies, available on any screen, as part of your XFINITY subscription

**XFINITY STREAMPIX®**

With **XFINITY Streampix®** enjoy unlimited access to thousands of hit movies and entire past seasons of TV shows – all for a low monthly fee of $4.99. Watch as much as you want, as many times as you want on your TV, laptop, tablet or smartphone.

## DVR Service

Never miss a minute of your favorite shows again. Add DVR service and get TV on your schedule. Record your favorite shows and access them anytime you want. Or, rewind and pause live TV so you don't have to miss a second. Plus you can schedule and manage DVR recordings from your computer or smartphone, so you're always in control of your DVR anywhere you go.

## Equipment & Installation and Setup

Our local XFINITY technicians will deliver your equipment and set up your TV. In addition, our technician will provide you with easy-to-read user guides and walk you through features such as the Interactive On-Screen Program Guide.

*See* Exhibit E (copy of http://www.comcast.com/Corporate/Learn/DigitalCable/digitalcable.html

(accessed July 3, 2014)).

    17.    Defendants also offer a service that they refer to as X1 DVR with Cloud Technology. Defendants describe this service as follows:

> The X1 DVR with cloud technology is a new DVR that functions like a regular DVR, but also includes new features like streaming recordings to mobile devices and computers and downloading recordings to mobile devices in the home.

*See* Exhibit F (copy of http://customer.comcast.com/help-and-support/cable-tv/x1-dvr-cloud-technology-general-faqs/ (accessed July 7, 2014)).

18. Defendants also offer a service they call "Live TV" and describe their "Live TV" and Xfinity On Demand services as follows:

> Live TV and On Demand streaming on the XFINITY on the X1 Entertainment Operating System are exciting new features Comcast is offering to X1 customers. Using the XFINITY TV app or the XFINITY TV site, X1 customers will be able to stream their entire linear channel lineup and the same XFINITY On Demand TV shows and movies they see on TV on supported devices and computers while in the home.

*See* Exhibit G (copy of http://customer.comcast.com/help-and-support/cable-tv/live-tv-streaming#Access) (accessed July 3, 2014)

19. Defendants also make and provide to their customers' software that customers download and is executed on customers' mobile electronic devices, including but not limited to products and services Defendants refer to as Xfinity TV Remote, Xfinity TV X1 Remote, Xfinity TV Go, and Xfinity On Demand Purchases software. Defendants' software allows Defendants' customers to utilize, for example, the Comcast Streampix, On Demand, and other services as described herein via mobile devices. Defendants describe some of these services as follows:

> **XFINITY™ TV apps**
>
> With the XFINITY TV apps, you can turn your Apple® or Android™ tablet or smartphone into a TV screen. Watch top shows and hit movies anytime, anywhere with XFINITY On Demand™. You can even use your Apple and Android devices as a remote control: change channels, program your DVR or search XFINITY On Demand and TV listings. Your TV is now right in your hands.
>
> * * *
>
> **1. Remote Tune**
>
> You can change the channel on your TV right from your XFINITY TV app. Just find a program you want to watch in TV Listings, or enter the channel number using Channel Keypad, and tap "Watch on TV" to change your TV's channel and start

watching instantly. You can even tune directly to an On Demand program. Then, use your Comcast remote to confirm your purchase and start your program.

* * *

XFINITY TV Go

Take your entertainment with you, anywhere you go. Watch thousands of XFINITY On Demand™ TV shows and movies on your tablet or smartphone, plus stream your favorite sports, news, and kids networks live. You can even download TV shows and movies from Showtime, Starz, Encore and Movieplex to your device and watch them when you're offline.

* * *

XFINITY TV Remote

Use your smartphone or tablet as a remote control. Change channels, browse XFINITY On Demand™ and TV listings, and even schedule your DVR when you're away from home.

* * *

XFINITY TV X1 Remote

With a mere tap, swipe, or shake of your smartphone, you can change channels and browse TV listings with ease. Plus, use voice commands to search for shows, schedule DVR recordings, and even get personalized recommendations.

* * *

XFINITY On Demand Purchases

Access the shows and movies you have purchased to own through XFINITY On Demand™ and watch on your tablet or smartphone.

Exhibit E (copy of http://www.comcast.com/Corporate/Learn/DigitalCable/digitalcable.html (accessed July 3, 2014)); and Exhibit H (copy of http://xfinity.comcast.net/learn/internet/mobile-tv-app/ (accessed July 9, 2014); and Exhibit I (copy of http://xfinitytv.comcast.net/apps (accessed July 14, 2014)). The Comcast software is distributed at least thru the Apple iTunes Store, Google Play store, Microsoft Windows Phone Store, and Amazon Kindle store. *See, e.g.*, Exhibit J

(copy of https://itunes.apple.com/us/app/xfinity-tv-player/id552293383?mt=8 (accessed July 14, 2014)); and Exhibit K (copy of https://play.google.com/store/apps/details?id=com.xfinity.tv (accessed July 14, 2014)); and Exhibit L (copy of http://www.windowsphone.com/en-us/store/app/xfinity-tv-remote/eff4523d-44b9-4cd1-8de1-d6650e6768f1 (accessed July 14, 2014)).

20. Defendants also, for a period of time, offered their customers a service Defendants called AnyPlay, which was described as follows:

> Today, Comcast is offering customers yet another choice as we begin to roll out AnyPlay™, a device which enables live TV on a variety of Internet-enabled displays in the home.
>
> With AnyPlay, you can watch the channels that are included in your linear channel subscription through the Xfinity TV app on the iPad®, and very soon the Motorola Xoom™ tablet. This means that while someone else watches a program in the living room, for example, you can watch another show on your iPad from the backyard deck, kitchen or other places around the home.
>
> Here's how it works...the AnyPlay device works the same as any other set top box in the home, but instead of delivering the incoming channel lineup to a television, AnyPlay delivers the lineup to the Wi-Fi router on the home network. The router then distributes the secure video signal to the iPad or Xoom over your home's wireless network. So as long as your tablet is within range of the home wireless router, you can turn it into another television screen.

*See* Exhibit M (copy of http://corporate.comcast.com/comcast-voices/anyplay-brings-live-tv-to-the-tablet-2 (accessed July 8, 2014)).

<div align="center">

**COUNT I:**
**INFRINGEMENT OF THE 863 PATENT**

</div>

21. Plaintiff incorporates paragraphs 1-20 herein by reference as if set forth here in full.

22. Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the 863 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without

`<!-- -->`
Case: 1:14-cv-07488 Document #: 1 Filed: 09/26/14 Page 10 of 15 PageID #:10

authority, products and services that distribute and display video content from their cable network on subscribers' devices. Without limitation, and by example only, Defendants directly infringe and continue to directly infringe one or more claims of the 863 Patent by making, selling, using and offering for sale at least their Xfinity services, specifically including at least the AnyPlay service, and by providing and operating devices for media distribution over their WAN, and transmitting to customers' devices over a WLAN.

23. By practicing the methods claimed in the 863 Patent and by making, selling, importing, offering for sale and/or using the aforementioned products that interconnect a WAN and a WLAN as claimed, Defendants have been and are now directly infringing under 35 U.S.C. § 271(a) one or more claims of the 863 Patent, either literally or under the doctrine of equivalents.

24. Defendants will continue to infringe the 863 Patent unless and until they are enjoined by this Court.

25. Defendants, by way of their infringing activities, have caused and continue to cause Qurio to suffer damages in an amount to be determined at trial. Plaintiff Qurio has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from its infringement of the 863 Patent, Plaintiff Qurio will continue to suffer irreparable harm.

26. As a result of Defendants' unlawful infringement of the 863 Patent, Plaintiff Qurio has suffered and will continue to suffer damage. Plaintiff Qurio is entitled to recover from Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

**COUNT II:**
**INFRINGEMENT OF THE 482 PATENT**

27. Plaintiff incorporates paragraphs 1-20 herein by reference as if set forth here in full.

28. Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the 482 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, products and services, and performing methods within the United States, that perform RDMA transfers in and from their network to distribute and display content on subscribers' devices, as claimed in the 482 Patent. Without limitation, and by example only, Defendants directly infringe and continue to directly infringe one or more claims of the 482 Patent by performing, selling, using and/or offering for sale at least their Xfinity Streampix, DVR with Cloud Technology services, and other On Demand services, on their media content distribution network, and systems therefor.

29. By practicing the methods claimed in the 482 Patent and by making, selling, importing, offering for sale and/or using the aforementioned products and services, including their content distribution network that perform and are adapted to perform RDMA transfers as claimed, Defendants have been and are now infringing under 35 U.S.C. § 271(a) one or more claims of the 482 Patent, either literally or under the doctrine of equivalents.

30. Defendants will continue to infringe the 482 Patent unless and until they are enjoined by this Court.

31. Defendants, by way of their infringing activities, have caused and continue to cause Qurio to suffer damages in an amount to be determined at trial. Plaintiff Qurio has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are

enjoined from its infringement of the 482 Patent, Plaintiff Qurio will continue to suffer irreparable harm.

32. As a result of Defendants' unlawful infringement of the 482 Patent, Plaintiff Qurio has suffered and will continue to suffer damage. Plaintiff Qurio is entitled to recover from Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

## COUNT III:
## INFRINGEMENT OF THE 904 PATENT

33. Plaintiff incorporates paragraphs 1-20 herein by reference as if set forth here in full.

34. Defendants have been and are currently directly infringing, literally or under the doctrine of equivalents, one or more claims of the 904 Patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, products and services, and performing methods within the United States, that control digital content played by a plurality of media devices as claimed in the 904 Patent. Without limitation, and by example only, Defendants directly infringe and continue to directly infringe one or more claims of the 904 Patent by making, selling, using and/or offering for sale at least their Xfinity TV Remote App and DVR services and devices therefor.

35. By making, selling, importing, offering for sale and/or using the aforementioned products and services that control digital content played by a plurality of media devices as claimed, Defendants have been and are now infringing under 35 U.S.C. § 271(a) one or more claims of the 904 Patent, either literally or under the doctrine of equivalents.

36. Upon information and belief, upon knowledge of the 904 Patent (at least since the filing date of this Complaint, or by September 25, 2014 when Notice was given to Defendants),

Defendants are inducing infringement of the 904 Patent by, among other things, knowingly and with intent, actively encouraging their customers, suppliers, users, agents and affiliates to make, use, sell and/or offer for sale Defendants' aforementioned products and services, and personal mobile devices for controlling digital content played by a plurality of media devices that constitutes infringement of one or more claims of the 904 Patent, with the knowledge and specific intent to encourage, direct and facilitate those infringing activities, and knowing that such activities infringe the 904 Patent, including through the creation and dissemination of software, promotional and marketing materials, instructional materials, product materials and technical materials. For example, Defendants provide users with Defendants' TV Remote App and/or with corresponding User Manuals and instructions, which provide apparatus and instructions on how to infringe the 904 Patent.

37. By inducing its customers', suppliers', users', agents' and affiliates' performance of the methods claimed and/or making and using the devices claimed in the 904 Patent, Defendants have been and are now infringing under 35 U.S.C. § 271(b) one or more claims of the 904 Patent, either literally or under the doctrine of equivalents.

38. Defendants will continue to infringe the 904 Patent unless and until they are enjoined by this Court.

39. Defendants, by way of their infringing activities, have caused and continue to cause Qurio to suffer damages in an amount to be determined at trial. Plaintiff Qurio has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from its infringement of the 904 Patent, Plaintiff Qurio will continue to suffer irreparable harm.

40. As a result of Defendants' unlawful infringement of the 904 Patent, Plaintiff Qurio has suffered and will continue to suffer damage. Plaintiff Qurio is entitled to recover from Defendants the damages adequate to compensate for such infringement, which have yet to be determined.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Qurio respectfully requests that this Court enter judgment in its favor as follows:

A. Holding that Defendants have infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Plaintiff's United States Patent No. 8,102,863;

B. Holding that Defendants have infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Plaintiff's United States Patent No. 7,996,482;

C. Holding that Defendants have infringed, literally and/or under the doctrine of equivalents, one or more of the claims of the Plaintiff's United States Patent No. 7,787,904;

D. Permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of any of Plaintiff's Patents;

E. Permanently enjoining the manufacture, use, offering for sale and/or sale of the products and services made and/or sold by Defendants that are found to infringe any of Plaintiff's Patents;

F. Awarding to Qurio the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date

Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

G. Declaring this to be an exceptional case and awarding Qurio's attorneys' fees under 35 U.S.C. § 285;

H. Awarding Qurio costs and expenses in this action;

I. Awarding Qurio pre- and post-judgment interest on its damages; and

J. Awarding Qurio such other and further relief in law or in equity as this Court deems just and proper.

## JURY DEMAND

Qurio Holdings, Inc. under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable by right.

Dated: September 26, 2014
Chicago, Illinois

          McANDREWS, HELD, & MALLOY, LTD.

By: /s/ Kirk Vander Leest
Kirk Vander Leest, Esq.
James P. Murphy, Esq.
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Tel: (312) 775-8000
Fax: (312) 775-8100
Email: kvanderlest@mcandrews-ip.com
Email: jmurphy@mcandrews-ip.com

Attorneys for Plaintiff
QURIO HOLDINGS, INC.

15