IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QURIO HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14 C 7488 |
| | ) | |
| COMCAST CABLE COMMUNICATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Qurio Holdings, Inc., which is headquartered in New Hampshire, has sued Comcast Cable Communications, LLC, which is headquartered in Philadelphia, Pennsylvania, for infringement of three U.S. patents. The patents involve technology for distributing television programs to personal communication devices. Qurio originally also sued Comcast Corporation, but it dismissed its claims against that entity without prejudice. The Court will refer to the remaining defendant as Comcast.

Comcast has moved to transfer the case to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a). To obtain a transfer, the moving party must demonstrate that the proposed transferee forum is "clearly more convenient." *Heller Fin., Inc. v. MidWhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th

Cir. 1986). "'Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" I*n re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation, Inc. v. Schrader–Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

**1.      Convenience of the parties and witnesses**

In evaluating the convenience of the parties and witnesses, a court considers (1) the plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of access to proof, (4) the parties' convenience, and (5) the witnesses' convenience in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000)*; see also Research Automation*, 626 F.3d at 978*.*

   **a.      Plaintiff's choice of forum**

Courts ordinarily give substantial weight to the plaintiff's choice of a forum, particularly when it is the plaintiff's home forum. *See In re Nat'l Presto Indus.*, 347 F.3d at 664 (plaintiff's choice "should rarely be disturbed"); *cf. Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981) (common law *forum non conveniens* doctrine). The plaintiff's choice of a forum, however, "has minimal value where none of the conduct complained of occurred in the forum selected by the plaintiff," *Chicago, Rock Island & Pacific R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955) (internal quotation marks omitted), at least in a case like *Chicago, Rock Island*, in which the plaintiff sued outside her home forum.

Comcast suggests that a plaintiff's choice of a forum is entitled to *no* weight if it is

2

not the plaintiff's home or does not otherwise have a significant connection with the subject matter of the litigation. *See* Defs.' Mot. to Transfer at 12 ("Plaintiff's Choice of Forum Is Not Entitled to Deference"; "Plaintiff's choice of forum is simply one factor among many that should be considered") (internal quotation marks omitted). But that is not what the Seventh Circuit has said, and the Court does not understand the law this way. *Piper Aircraft*, a common law *forum non conveniens* case often cited as authority on section 1404(a) motions, does not say that the plaintiff's choice is entitled to no deference if it is not the plaintiff's home. Rather, it says (speaking of a non-U.S. plaintiff) that "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.* at 255-56. Less deference does not mean no deference.

### b. Situs of material events

The events underlying the litigation have no relationship with this district. Infringement is claimed to have occurred here, but given the products at issue, this does not differentiate this district from any other federal district. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) ("[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue."). There is no basis to say that the degree of infringement in this district is more significant than in other districts generally, or in the proposed transferee district in particular.

Qurio's attorneys in this lawsuit are located here, but it does not argue that this is a relevant factor. Though the Court can imagine a case where it might be, this is not

3

such a case; reliance on this factor would permit a plaintiff in a patent infringement suit to pick its venue by its choice of attorneys.

No events of significance took place in this district. The patented products and methods appear to have been developed in North Carolina, and the patents were likewise prosecuted by attorneys located there. *See* Compl., Exs. A, B & C. And the materials provided by Comcast in support of its motion sufficiently reflect that the accused products were developed in the proposed transferee district, namely the Eastern District of Pennsylvania. This is a relevant factor in the analysis. *See Acer Am. Corp.*, 626 F.3d at 1256.

Because this is not Qurio's home district and no material events took place here, its choice of this district is not entitled to significant weight in balancing the factors under section 1404(a).

### c. The parties' convenience

The only contact of significance between the lawsuit and this district is the fact that Qurio has separately sued two other defendants here for infringement of the same patents, and the claims in each of these lawsuits overlap. Qurio says the ability to sue all three defendants in the same place is why it filed the lawsuit here and that this is a significant factor when considering convenience of the parties. Qurio argues that it is more convenient for all of its lawsuits concerning the patents in suit to proceed in tandem for pretrial purposes (including claim construction), to avoid extra expense, duplication of effort, and conflicting rulings. Qurio says that it is not well-heeled and that litigating the same issues in different districts would pose a hardship.

This is a relevant factor in the analysis, which the Court will take into account.

The Court notes, however, that procedures exist by which lawsuits pending in different districts, including patent infringement suits, may be transferred to a single district and judge for pretrial purposes. *See* 28 U.S.C. § 1407 (multidistrict litigation). The Court will discuss this point further when addressing the interests of justice.

It is typically more convenient for a party to litigate in its home district, and thus this factor is usually a tie when a court considers a section 1404(a) motion. In this case, however, Qurio filed the case outside its home district. Qurio says that it might have had difficulty obtaining personal jurisdiction over Comcast in New Hampshire or in North Carolina, but it has not supported this contention (such as by showing that Comcast does not distribute the accused products into those states).

### d. Access to sources of proof

Because the convenience of witnesses is assessed separately, the factor of "access to sources of proof" typically involves relevant records. In this case, there are no relevant records in the Northern District of Illinois, at least not that anyone has identified. Records relating to the work of the inventors and prosecution of the patent likely are located in North Carolina. Records relating to the development and sale of the accused devices are located in the Eastern District of Pennsylvania. And there are records regarding prior art—which might be relevant regarding validity of the patents—that are, or at least may be, located in the Northern District of California.

The Federal Circuit has, at least in some cases, cited the location and transportation of records as a significant consideration in assessing convenience. *See, e.g., In re Genentech, Inc.*, 566 F.3d at 1345-46 (discussing the "burden on the petitioners to transport documents"). Respectfully, it is difficult to take this seriously.

Although section 1404(a) was adopted in the 1940s, it does not require a court to pretend that lawsuits are litigated and tried as they were in that era.  Business records nowadays are nearly all maintained digitally.  More to the point, as any experienced litigator or trial judge can attest, when records are produced in litigation nowadays, they are all (or virtually all) *produced* digitally.  The old saw about "backing up the truck" when a party seeks broad production of records now has meaning only to litigators of a certain age.  There is no truck and, for the most part, there are not even boxes.  Rather, documents are produced on digital media.  Records that are in California are barely less accessible to a litigant in Illinois than they would be if they were in Illinois.  And to directly address the point made in *Genentech*, the days when records had to be physically shipped in for trial or even document production during discovery are long gone.  The Seventh Circuit, whose cases concerning section 1404(a) govern here, has acknowledged this.  *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) (discussing section 1404(a); "Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas.").

A court need not and should not put on blinders when it considers this factor.  As the Court has indicated, the fact that section 1404(a) has been around for decades does not mean that "access" should be assessed the same way in 2015 as it was in 1948 or even, for that matter, in 2000.  The Court acknowledges that some Federal Circuit decisions seem to point the other way, but they reflect a misunderstanding of how litigants and lawyers access relevant records these days.  And contrary to the court's

6

indication in *Genentech*, this in no way reads this factor out of the section 1404(a) analysis or renders it "superfluous." Rather, the Court is addressing the weight appropriately given this factor in the "individualized, case-by-case consideration of convenience and fairness" mandated by the Seventh Circuit, *Coffey*, 796 F.2d at 219, and the Supreme Court. *See Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

        **e.**        **Convenience of witnesses**

As the Court has indicated, neither side identifies any witnesses who are located in this district. The inventors and the attorney who prosecuted the patent may be witnesses, but they are located in North Carolina. Comcast identifies a number of witnesses who are located in the Eastern District of Pennsylvania. Most of these are Comcast employees. Comcast says this does not matter and that the Federal Circuit considers this sort of inconvenience on a par with that involving non-party witnesses. *See* Def.'s Mot. to Transfer at 7. The Federal Circuit cases that Comcast cites, however, all apply Fifth Circuit law (because the Federal Circuit applies regional circuit law on procedural matters like this one), and that circuit seems to have evaluated the two types of witnesses the same way. *See Genentech*, 566 F.3d at 1434 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008)); *Acer Am. Corp.*, 626 F.3d at 1255; *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). There is no Seventh Circuit authority on this point, but the overwhelmingly predominant view among district courts in the circuit is that because party witnesses are likely to appear voluntarily, the convenience factor is less significant with regard to party witnesses than non-party witnesses. *See, e.g., Placon Corp. v. Sabert Corp.*, No. 14-cv-587, 2015 WL 327606, at *3 (W.D. Wis. Jan. 23, 2015); *Perry v. CNN Interactive Grp., Inc.*, No. 14 C

1194, 2014 WL 4214873, at *3 (N.D. Ill. Aug. 25, 2014); *Villafuerte v. Decker Truck Line, Inc.*, No. 2:14-CV-177, 2014 WL 3721962, at *3 (N.D. Ind. July 25, 2014); *Caterpillar, Inc. v. ESCO Corp.*, 909 F. Supp. 2d 1026, 1031 (C.D. Ill. 2012); *Tech. Licensing Corp. v. Harris Corp.*, No. 09 C 820, 2012 WL 1298611, at *3 (N.D. Ill. Apr. 16, 2010); *Lewis v. Grote Indus, Inc.*, 841 F. Supp. 2d 104, (N.D. Ill. 2012); *Elanco Animal Health, a Div. of Eli Lilly & Co. v. Archer Daniels Midland Animal Health & Nutrition Div.*, No. 1:08-cv-00386, 2008 WL 4099882, at *4 (S.D. Ind. Sept. 4, 2008). The reason, as Judge McDade put it in *Caterpillar*, is that "their participation in the suit will be obtained as part of their employment, rather than by their own willingness or the Court's subpoena power, and their compensation and expenses will be paid by their employers." *Caterpillar*, 909 F. Supp. 2d at 1031.

Again, however, giving a factor less weight is not the same as giving it no weight. The Court agrees that Comcast has adequately identified seven of its employees who are likely witnesses because they have direct and material knowledge regarding the development, design, distribution, and sales of the accused products, and all of whom live in the Eastern District of Pennsylvania. *See* Def.'s Mot. to Transfer at 8. This is a point worthy of consideration, even if it is not given controlling weight. And in addition, Comcast has identified one former employee—over whose appearance it will have no control—who was the product manager for development of its accused products. *See id.* at 9. This person, it would appear, is likely to be a key witness. His appearance at trial cannot be assured if the case proceeds in this district.

**2.  Interests of justice**

Consideration of the "interests of justice" under § 1404(a) "may be determinative

in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220. The Seventh Circuit has stated that factors typically considered "relate to the efficient administration of the court system." *Id.* at 221. One such factor involves "where the litigants are more likely to receive a speedy trial." *Id.* In addition, the Seventh Circuit has stated that "related litigation should be transferred to a forum where consolidation is feasible." *Id.; see also Heller Fin.*, 883 F.2d at 1293 ("trying related litigation together" is a relevant interests-of-justice factor). Another factor is the respective courts' familiarity with the applicable law. *See id.* This, however, is typically a consideration only in diversity cases. It would be difficult to say, perhaps with some small number of exceptions, that any given federal judge is more familiar with patent law than any other. Other factors that may be considered include "the respective desirability of resolving controversies in each locale and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978 (internal citation omitted).

Comcast cites statistics indicating that cases get to trial considerably quicker in the Eastern District of Pennsylvania than in this district. *See* http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2014/tables/C05Mar14.pdf (last viewed Feb. 8, 2015). That is true (16.7 months vs. 31.2 months), but only a minuscule percentage of go to trial, and the time to disposition for cases that do not go to trial is approximately the same in both districts. And as the Federal Circuit has noted, "case-disposition statistics may not always tell the whole story." *Genentech*, 566 F.3d at 1347. More to the point, the statistics in question cover the whole gamut of civil cases and say nothing about the time it takes

patent infringement cases to get to trial. In short, the statistics that Comcast cites provide little assistance in determining whether the case would be resolved more quickly in one district or the other. In this case, this is not a significant factor in the analysis.

As far as the relationship of the two communities to the dispute, the Court has already addressed this in discussing the situs of the material events. In a nutshell, this district has no relationship to Qurio's dispute with Comcast, whereas the Eastern District of Pennsylvania has a significant relationship with it.

The last factor the Court will discuss is the matter of related litigation and the possibility of consolidation. The Seventh Circuit, as noted earlier, has specifically identified this as a relevant consideration under section 1404(a). *Coffey*, 796 F.2d at 220; *see also Heller Fin.*, 883 F.2d at 1293. This is the key factor upon which Qurio relies; indeed it is the reason Qurio cites for filing the present lawsuit here. If the case is transferred, Qurio argues, the courts will not be able to resolve related litigation together. This disserves the interests of justice, because it makes it more likely that there will be judicial duplication of effort involving, among other things, construction of patent claims involved in all or more than one of the cases.

This is a valid consideration, but in the Court's view it is not appropriately given controlling weight in this case, given the lack of any other material connection between this district and the parties, the witnesses, or the underlying dispute. The Federal Circuit has indicated that in this scenario, the pendency of other related litigation in the district where the plaintiff filed is not a basis to defeat transfer of a particular lawsuit. In *In re Apple, Inc.*, 581 F. App'x 886 (Fed. Cir. 2014), the court granted (on a 2-1 vote) a

petition for mandamus directing a district court to grant a defendant's motion to transfer venue. The plaintiff had no significant business presence in its chosen venue, and the defendant was located in the proposed transferee venue. In addition, there were numerous witnesses—including some non-party witnesses—in the transferee venue, and none in the plaintiff's chosen forum. *See id.* at 887. The trial court nonetheless declined to transfer the case, relying in large part on the fact that there were other pending cases in its district involving the same patents in suit and that it was likely the cases could be consolidated, thus achieving "significant judicial economy." *Id.* at 887-88. The Federal Circuit concluded that the trial court had clearly abused its discretion, making mandamus appropriate. With regard to the related-cases issue, the court said that "judicial economy is just one relevant consideration," and that although "transfer may mean that some of the other related cases remain in the [plaintiff's chosen forum], multidistrict litigation procedures exist to mitigate inefficiencies in this type of situation." *Id.* at 889. Though this "do[es] not render the practical problems factor neutral," the court said, "it do[es] mitigate some judicial economy concerns such that the district court should not have weighed this factor so heavily against transfer." *Id.* at 889-90.

There is arguably some tension between *In re Apple* and the Federal Circuit's earlier decision in *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010), in which it declined to grant a writ of mandamus ordering the trial court to transfer a case. The trial court had relied in part on the existence of "co-pending litigation before the trial court involving the same patent and underlying technology." *Id.* at 1346. The Federal Circuit concluded that this, along with other factors, "provide[d] a substantial justification for maintaining suit" in the plaintiff's chosen forum and declining transfer. *Id.* at 1346. In

11

*Vistaprint*, however, "no defendant party [was] actually located in the [proposed] transferee venue and the presence of the witnesses in that location [was] not overwhelming." *Id.* at 1346-47. The present case is different. Comcast is located in the proposed transferee district, and a number of witnesses whose testimony regarding the accused products is likely—at least one of whom is a non-party who is not under the control of Comcast—are located there as well. Thus this case differs significantly from *Vistaprint*.

**Conclusion**

Qurio chose this forum hoping to litigate three interrelated cases in a single district. This was an appropriate objective, but it does not carry the day. Qurio's choice of this district is entitled to little weight because it is not Qurio's home district, and its dispute with Comcast has no significant relationship to this district. No material events took place here, and no witnesses are located here. On balance, the Eastern District of Pennsylvania, where Comcast seeks to transfer the case, is clearly more convenient, because the accused products were developed there, and a number of significant witnesses reside there. For these reasons, the Court grants defendant's motion to transfer [docket no. 29]. Former defendant Comcast Corp.'s motion to dismiss is terminated as moot [docket no. 27], as is plaintiff's motion to consolidate cases [docket no. 36]. The Clerk is directed to transfer this case to the Eastern District of

Pennsylvania.[1]

Date: February 9. 2015

                                                                 MATTHEW F. KENNELLY
                                                                 United States District Judge

---

[1] Comcast makes an alternative argument to transfer the case to the Northern District of California, evidently so that it might be litigated in tandem with Qurio's suit against DISH Network, which DISH has moved to transfer to that district. There is no viable basis to transfer the present case to the Northern District of California. No likely trial witness resides there; the likelihood of trial testimony by "prior art" witnesses cited by Comcast is virtually nil. *See, e.g., Finnigan Corp. v. ITC*, 180 F.3d 1354, 1366 (Fed. Cir. 1999). And the Qurio-Comcast dispute is completely unrelated to that district. Transferring this case there so it can be litigated with the DISH case would run afoul of the Federal Circuit's resolution of the "practical problems" argument in *In re Apple*, discussed above.